UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM MANUEL ALVAREZ-CALO,

                    Petitioner,

        v.

JACK WARNER,

                    Respondent.

Case No. 3:25-cv-06150-JHC-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court on a federal habeas corpus petition filed pursuant to 28 U.S.C. § 2254. Dkt. 9. Petitioner, William Manuel Alvarez-Calo, is a state prisoner currently confined at Monroe Correctional Complex – Twin Rivers. He has filed an application to proceed in forma pauperis and a petition for writ of habeas corpus challenging a state court judgment and sentence. Dkts. 1, 9. The Court, having reviewed petitioner's federal habeas petition, hereby finds the petition is a second or successive petition.

## **Discussion**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th

ORDER TO SHOW CAUSE - 1

Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." *McNabb*, 576 F.3d at 1029.

Petitioner previously challenged the same state conviction and sentence in *Alvarez-Calo v. Obenland*, No. 3:19-CV-5904-TL-DWC, 2022 WL 20651360 (W.D. Wash. Sept. 12, 2022), *report and recommendation adopted*, No. 3:19-CV-05904-TL-DWC, 2023 WL 4882863 (W.D. Wash. Aug. 1, 2023).

The case was adjudicated on the merits, and the Court concluded "that the state court's adjudication of the five grounds raised in the Amended Petition was not contrary to, or an unreasonable application of, clearly established federal law. Therefore, the undersigned recommends the Amended Petition be denied and a certificate of appealability not be issued." *Id*.

In the present petition, petitioner challenges the same underlying conviction and sentence and raises claims that either overlap or could have been raised in his prior federal action. Dkt. 9. The claims in the current petition are: (1) suppression of defendant's statements violated his rights under the sixth amendment; (2) ineffective assistance of counsel; and (3) a *Miranda* issue raising claims under the fifth and fourteenth amendments. Dkt. 9 at 5-8. These claims arise from the same criminal proceedings at issue in petitioner's prior federal habeas petition and are claims that were or could have been adjudicated on the merits. *McNabb*, 576 F.3d at 1029.

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A district court lacks jurisdiction to consider a second or successive petition in the absence of an order from the Ninth Circuit authorizing the district court to consider the petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Here, there is no evidence petitioner has received an order from the Ninth Circuit authorizing this Court to consider the Second Petition.

Accordingly, petitioner is ORDERED to show cause, no later than April 17, 2026, why this action should not be dismissed as an unauthorized second or successive habeas petition. Petitioner must demonstrate that he has obtained authorization from the Ninth Circuit Court of Appeals to file this petition or otherwise show why this petition is not successive under 28 U.S.C. § 2244(b). If petitioner fails to respond to this Order or fails to show cause, the Court will recommend that this action be dismissed without prejudice for lack of jurisdiction.

Dated this 1st day of April, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3