UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WILLIAM MANUEL ALVAREZ-CALO,

                              Petitioner,

        v.

JACK WARNER,

                              Respondent.

Case No. 3:25-cv-06150-JHC-TLF

REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF JURISDICTION AND TO DENY MOTION FOR STAY; AND ORDER DENYING APPOINTMENT OF COUNSEL

Noted for June 4, 2026

This matter comes before the Court on a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the legality of Mr. Alvarez-Calo's Pierce County Superior Court conviction and sentence. Dkt. 9. Petitioner previously challenged the same state conviction and sentence in *Alvarez-Calo v. Obenland*, No. 3:19-CV-5904-TL-DWC, 2022 WL 20651360 (W.D. Wash. Sept. 12, 2022), *report and recommendation adopted*, No. 3:19-CV-05904-TL-DWC, 2023 WL 4882863 (W.D. Wash. Aug. 1, 2023). Having reviewed the petition filed in this matter, and the prior petition, concludes that the instant petition is a second or successive petition which should be dismissed without prejudice. If Mr. Alvarez-Calo wishes to file a second or successive petition in this Court, he must first obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A).

REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF JURISDICTION AND TO DENY MOTION FOR STAY; AND ORDER DENYING APPOINTMENT OF COUNSEL - 1

DISCUSSION

Petitioner submitted his first federal habeas petition on October 3, 2019, challenging his 2016 Pierce County Superior Court judgment and sentence. *See Alvarez-Calo v. Obenland,* No. 3:19-cv-05904-TL, Dkts. 1, 3. The case was adjudicated on the merits, and the Court denied habeas corpus relief. *Id.;* Dkt. 46, 48, 49. The Amended Petition was denied and a certificate of appealability did not issue. *Id.*; Dkt. 49, 52.

The instant petition was filed on January 28, 2026. Dkt. 9. In the present petition, petitioner challenges the same underlying conviction and sentence and raises claims that either overlap or could have been raised in his prior federal action. *Id*. The claims in the current petition are: (1) suppression of defendant's statements violated his rights under the Sixth Amendment; (2) ineffective assistance of counsel; and (3) a *Miranda* issue raising claims under the Fifth and Fourteenth Amendments. *Id*. at 5-8. These claims arise from the same criminal proceedings at issue in petitioner's prior federal habeas petition and are claims that were or could have been adjudicated on the merits. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

On April 1, 2026, the Court issued an Order to Show Cause as to why the action should not be dismissed as a second or successive habeas petition. Dkt. 11. In response, petitioner filed a motion to stay the proceedings "to enable him to remain timely and ask the Ninth Circuit Court of Appeals for Permission to File a Second § 2254 petition." Dkt. 12. However, before filing the challenge, petitioner was required to apply for and receive authorization from the Ninth Circuit Court of Appeals, which petitioner did not do. 8 U.S.C. § 2244 (b)(3)(A). Petitioner's failure to secure such an

REPORT AND RECOMMENDATION TO DISMISS FOR
LACK OF JURISDICTION AND TO DENY MOTION
FOR STAY; AND ORDER DENYING APPOINTMENT
OF COUNSEL - 2

order from the Ninth Circuit deprives this Court of subject matter jurisdiction. 28 U.S.C. § 2244(a); *see Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart,* 549 U.S. 147,157 (2007). Ninth Circuit Rule 22-3(a) provides, in relevant part, that:

> An applicant seeking authorization to file a second or successive 28 U.S.C. § 2254 petition or 28 U.S.C. § 2255 motion in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under sections 2254 or 2255. …. If an application for authorization to file a second or successive section 2254 petition or section 2255 motion is mistakenly submitted to the district court, the district court shall refer it to the court of appeals. If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.

The Circuit Advisory Committee Note to the rule makes clear that,

> If an applicant files a document that appears to be an unauthorized section 2254 petition or 2255 motion and facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court *may* transfer the filing to the court of appeals in the interests of justice or, in the alternative, *the district court may dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12.*

Ninth Circuit Rule 22-3 (emphasis added).

Here, petitioner does not allege a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence; the interests of justice do not weigh in favor of the Court transferring this petition to the Court of Appeals. Under Ninth Circuit Rule 22-3, the Court should dismiss the petition without prejudice, allowing petitioner to request authorization from the Court of Appeals to file a second or successive petition.

Petitioner's motion for appointment of counsel (Dkt. 10) is denied, because this is a successive petition and there is no need to conduct an evidentiary hearing.

REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF JURISDICTION AND TO DENY MOTION FOR STAY; AND ORDER DENYING APPOINTMENT OF COUNSEL - 3

The undersigned also recommends that the Court deny petitioner's motion for stay of proceedings (Dkt. 12) as moot.

CERTIFICATE OF APPEALABILITY

If the Court adopts the Report and Recommendation, it must determine whether a COA should issue. Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2)-(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Reasonable jurists would not find it debatable that the instant petition should be dismissed without prejudice for lack of jurisdiction. Accordingly, petitioner should not be granted a certificate of appealability.

CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court dismiss the petition for writ of habeas corpus without prejudice (Dkt.9), and the motion for stay should also be denied (Dkt. 12). A proposed order and proposed judgment are attached.

REPORT AND RECOMMENDATION TO DISMISS FOR LACK OF JURISDICTION AND TO DENY MOTION FOR STAY; AND ORDER DENYING APPOINTMENT OF COUNSEL - 4

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on June 4, 2026, as noted in the caption.

Dated this 20th day of May, 2026.

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION TO DISMISS FOR
LACK OF JURISDICTION AND TO DENY MOTION
FOR STAY; AND ORDER DENYING APPOINTMENT
OF COUNSEL - 5